UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEMAINE JACKSON,

                Petitioner,

   -vs-

COMMISSIONER GLENN S. GOORD, N.Y.S.
Department of Correctional Services,

                Respondent.

**No. 06-CV-6322(DGL)(VEB)**
**DECISION AND ORDER**

## I.    Introduction

*Pro se* petitioner Demaine Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is currently pending in this Court. *See* Docket No. 1. Jackson's state custody arises from a judgment of conviction entered on April 10, 2002, in New York State County Court, Genesee County, convicting him of two counts of second degree reckless endangerment, and one count each of first degree assault, second degree criminal mischief, assault on a police officer, resisting arrest, and leaving the scene of an incident without complying with the appropriate reporting requirements.  Jackson has filed a motion for discovery pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (Docket No. 17) and two motions to compel the work records of the police officer he injured (Docket Nos. 18 & 19). For the reasons that follow, Jackson's motion to compel production (Docket No. 19) is denied with prejudice.

## II.    Discussion

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904; *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003); *see also Harris v. Nelson*, 394 U.S. 286, 295

(1969) (concluding that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy*, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the petitioner has set forth specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. at 299).   "Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause.'" *Gonzalez v. Bennett*, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001) (citing *Green v. Artuz*, 990 F. Supp. 267, 271 (1998)); *accord*, *e.g.*, *Richard v. Girdich*, NO. 9:03CV0920 FJSGJD, 2007 WL 405863, at *1 (N.D.N.Y. Feb. 11, 2007). The court may, in its discretion, deny discovery where the petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition. *Id.* (citing *Charles v. Artuz*, 21 F. Supp.2d 168, 170 (E.D.N.Y.1988)); *accord*, *e.g.*, *Richard v. Girdich*, 2007 WL 405863, at *1.

Jackson was convicted of assaulting Officer Jason Davis ("Davis") of the Batavia Police Department on July 26, 2001. Davis testified at trial that, during the previous six months, he was unable to return to work due to the injuries he sustained during the assault. Jackson has sought and obtained copies of "four state of new york workers compensation board billing reports [which] show that Jason Davis was in fact working before testifying at the grand jury and at trial . . . ." Petitioner's Affidavit, ¶9 (Docket No. 19). Jackson states that these "reports from August 3, 2001, August 9, 2001, [S]eptember 11, 2001 and October 23, 2001 . . . show that [O]fficer

[D]avis was working not disabled from regular duties" on those dates. *Id.,* ¶11. Jackson requests "copies of and official computerized time clock records from the [B]atavia [P]olice [D]epartment time clock [sic] listing the times police officer Jason A [D]avis punched into work using his time clock card on the following dates, August 3, 2001, August 9, 2001, September 11, 2001 and October 23, 2001." *Id.*, ¶27.

The Court has reviewed the Worker's Compensation Board Reports, which are Attending Doctor's Report and Carrier/Employer Billing Forms. Jackson has misapprehended the substance of these reports, which *do not* indicate that Davis worked on the dates of August 3, 2001; August 9, 2001; September 11, 2001; and October 23, 2001. The dates appear in the box marked "3. Dates of examination on which this report is based" and therefore indicate that Davis sought medical treatment for his injuries on these four dates from his physician, Dr. Matthew Landfried. These forms were completed by the doctor in order to obtain reimbursement from the Worker's Compensation Board for treating Davis for the injuries sustained when he was assaulted at work by Jackson. The reports definitely *do not* indicate that Davis was working on August 3, 2001; August 9, 2001; September 11, 2001; and October 23, 2001, and Jackson has not demonstrated that any "time clock records" for those dates exist. Furthermore, the records submitted by Jackson provide no basis for impeaching Davis' testimony that he was unable to work for the six months following the July 26, 2001 incident.

Because Jackson's request for discovery is without a factual or legal basis, as discussed above, his motion to compel production (Docket No. 19) is **denied with prejudice**. Furthermore, Docket No. 17 is merely a letter in which Jackson makes a general request to conduct "discovery." Because Docket No. 17 is too conclusory to show that Jackson is entitled to

discovery, it is **denied with prejudice**. Finally, Docket No. 18 is duplicative of Docket No. 19, which has been denied with prejudice. Accordingly, Docket No. 18 is also **denied with prejudice.**

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: February 11, 2009
Rochester, New York.